UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JTH TAX, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-01008-O |
| | § | |
| JEK YONG, SINGA TAX AND | § | |
| FINANCIAL SERVICES, ABC TAX | § | |
| AND ACCOUNTING, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Before the Court are Defendant ABC Tax and Accounting Corp.'s 12(b)(2) Motion to Dismiss and Brief in Support (ECF No. 41), filed April 16, 2023; Defendant's Motion to Dismiss Pursuant to Rule 12(b)(3) and Alternative Request to Transfer Venue (ECF No. 42), filed April 17, 2023; and Plaintiff's Response and Objection (ECF No. 47), filed May 22, 2023. For the reasons contained herein, this lawsuit is hereby **TRANSFERRED** to the United States District Court for the Northern District of California.

## I.      Factual and Procedural Background[1]

Plaintiff JTH Tax, LLC, f/k/a JTH Tax, Inc. d/b/a Liberty Tax Service ("Plaintiff") is a Delaware entity that states it presently maintains its National Office and principal place of business in Hurst, Texas – falling within the Northern District of Texas. Plaintiff sued Defendants Jek Yong and Singa Tax and Financial Services Corp. (collectively the "Liberty Franchisee Defendants") for causes of action arising out of alleged violations of a Franchise Agreement between the Plaintiff

---

[1] Unless otherwise stated, the Court's recitation of the factual background is taken from Plaintiff's Complaint. *See* Compl., ECF No. 1. At the motion to dismiss stage, all well-pleaded facts are taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

and the Liberty Franchisee Defendants. Plaintiff also sued Defendant ABC Tax and Accounting Corp. ("ABC Tax"), alleging that ABC Tax tortiously interfered with Plaintiff's contractual relationship with the Liberty Franchisee Defendants. Defendant ABC Tax was not a signatory to the Franchise Agreement.

This action was filed in the Northern District of Texas pursuant to a venue provision in the Franchise Agreement, which is attached as Exhibit A to Plaintiff's Complaint.[2] The provision states that "[i]n any suit brought by any or all of the Liberty Parties, that in any way relates to or arises out of this Agreement or any of the dealings between you and any or all of the Liberty Parties, you consent to venue and personal jurisdiction in the state and federal court of the city or county of Liberty's National Office."[3] Plaintiff avers that "Liberty's National Office" is presently located in Hurst, Texas.[4] Section 17(a) of the Franchise Agreement further provides that Virginia law should govern all disputes arising out of the Franchise Agreement.[5]

Defendants Yong and Singa Tax settled their claims with Plaintiff on April 6, 2023, with the Parties formally filing their Stipulation of Dismissal on May 3, 2023.[6] Therefore, ABC Tax (henceforth "Defendant") is the sole remaining defendant in this lawsuit. Defendant filed its Motion to Dismiss for Lack of Jurisdiction Pursuant to Rule 12(b)(2) on April 16, 2023.[7] Defendant filed its Motion to Dismiss Pursuant to Rule 12(b)(3) and Alternative Request to Transfer Venue on April 17, 2023.[8] Plaintiff filed a joint response to both motions on May 22, 2023.[9] The motions are now ripe for the Court's review.

---

[2] Pl. Appx. 26, ECF No. 4-2.
[3] *Id.*
[4] Compl. ¶ 11, ECF No. 1.
[5] Pl. Appx. 26, ECF No. 4-2.
[6] Notice of Partial Settlement, ECF No. 38; Stipulation of Dismissal, ECF No. 44.
[7] Def. 12(b)(2) Mot., ECF No 41.
[8] Def. 12(b)(3) Mot., ECF No. 42.
[9] Pl. Resp., ECF No. 47.

## II.     Legal Standard

### A.  12(b)(2) Motion to Dismiss

A party may move to dismiss for lack of personal jurisdiction under Rule 12(b)(2). When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the burden of proof is on the party invoking the district court's jurisdiction. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989). "[T]he party who bears the burden need only present a prima facie case for personal jurisdiction; proof by a preponderance of the evidence is not required." *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545–46 (5th Cir. 1985). "[O]n a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. . . ." *Id.* at 546.

### B.  12(b)(3) Motion to Dismiss

As the Court of Appeals for the Fifth Circuit has recognized, a plaintiff's choice of venue is entitled to deference absent a showing of good cause that transfer is appropriate. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Unless provided for by another statute, venue is governed by the general venue statute. 28 U.S.C. § 1391(a). Under § 1391, venue is proper in "any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). If venue is proper in the district where the plaintiff files the claim, then even where there are venues where more, or even the most, substantial activities took place, the plaintiff's chosen venue does not become improper. *Tex. Marine & Brokerage, Inc. v. Euton*, 120 F. Supp. 2d 611, 612 (E.D. Tex. 2000).

A party moving to dismiss based on improper venue does so pursuant to Rule 12(b)(3). FED. R. CIV. P. 12(b)(3). In determining whether venue is proper, "the court is permitted to look

at evidence beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (citing *Lane ex rel. Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) ("[T]he court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." (internal quotation marks omitted))). When a case is filed in a division or district of improper venue, the district court may either dismiss the case or transfer it to any district or division of proper venue. 28 U.S.C. § 1406(a).

### C.  Venue Transfer Under § 1404(a)

Under 28 U.S.C. § 1404(a), even if venue is proper in a forum, a district court may transfer any civil case "[f]or the convenience of the parties and witnesses, in the interest of justice ... to any other district or division where it might have [originally] been brought." The decision to transfer a pending case is committed to the sound discretion of the district court. *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).

A threshold transfer inquiry is whether the suit "might have been brought" in the proposed transferee district. *In re Volkswagen of Am., Inc.*, 545 F.3d at 312. Once the defendant satisfies that burden, the Court weighs certain public-interest and private-interest factors to determine if transfer is "for the convenience of parties and witnesses and in the interest of justice." *Id.* at 315. "It is well settled that the party moving for a change of venue bears the burden of demonstrating why the forum should be changed." *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993). Placing the burden on the moving party to show "good cause" for the transfer "reflects the appropriate deference to which the plaintiffs' choice of venue is entitled." *In re Volkswagen of*

*Am., Inc.*, 545 F.3d at 315. For a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff." *Id.*

But "[t]he existence of a mandatory, enforceable [forum selection clause, or] FSC dramatically alters this analysis." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767 (5th Cir. 2016). When the forum selection clause is mandatory, the Fifth Circuit draws its framework "primarily from *Atlantic Marine*, which clarified the proper mechanism for enforcing FSCs." *Id.* at 766 (citing *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49 (2013)). When the contract at issue contains a valid mandatory forum selection clause, "the court should consider only public-interest factors," as the parties have "waive[d] the right to challenge their preselected forum as inconvenient." *Id.* at 767 (citation omitted).

### III.    Analysis

Plaintiff avers that the forum selection clause within the Franchise Agreement in this case extends to cover its claims against Defendant, and therefore, Defendant has consented to personal jurisdiction and venue within the Northern District of Texas.[10]

The Franchise Agreement in this case states that "[i]n any suit brought by any or all of the Liberty Parties, that in any way relates to or arises out of this Agreement or any of the dealings of the dealings between you and any or all of the Liberty Parties, you consent to venue and personal jurisdiction in the state and federal court of the city or county of Liberty's National Office."[11] In its Complaint, Plaintiff pleads that its National Office is currently located in Hurst, Texas, which is within the Northern District of Texas.[12]

---

[10] Pl. Resp. 6–8, ECF No. 47.
[11] Pl. Appx. 26, ECF No. 4-2.
[12] Compl. ¶ 10, ECF No. 1.

Assuming without deciding that (1) the Agreement's forum selection clause is valid and enforceable; (2) the forum selection clause extends to cover Plaintiff's claims against Defendant; and (3) Defendant has therefore consented to personal jurisdiction and venue within the Northern District of Texas, the Court assesses whether transfer under 18 U.S.C. § 1404(a) would be proper. This analysis hinges on whether the forum selection clause is mandatory or permissive. As noted, only where a forum selection clause is mandatory does the § 1404(a) transfer analysis change.

The Fifth Circuit has stated that, in deciding whether a forum selection clause is mandatory or permissive, courts must "apply Texas choice-of-law rules to determine which substantive law governs the interpretation of the FSC." *Weber*, 811 F.3d at 769. Then, courts are to "apply that substantive law to the language of the FSC to determine whether it is mandatory or permissive." *Id.* "A federal court sitting in diversity applies the forum state's choice-of-law rules to determine which substantive law will apply." *Id.* at 770 (citing *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496–97 (1941)). Applying Texas choice-of-law rules, Texas follows the Restatement (Second) of Conflict of Laws. *Id.* at 771. According to the Restatement:

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (Second) of Conflict of Laws § 187(2) (1971). The Franchise Agreement states that Virginia law governs all claims that in any way relate to or arise out of the Franchise Agreement.[13]

---

[13] Pl. Appx. 25, ECF No. 4-2.

The Parties do not contend that either of the exceptions set forth by the Restatement apply, so the Court assesses whether the forum selection clause is mandatory or permissive under Virginia law.

Applying Virginia law,[14] the forum selection clause in this case is clearly permissive. "A permissive forum selection clause, which is perhaps more appropriately referred to as a consent to jurisdiction clause: merely specifies a court empowered to hear the litigation, in effect waiving any objection to personal jurisdiction in a venue. Such a clause is permissive since it allows the parties to air any dispute in that court without requiring them to do so." *S.W.Virginia, R.P.S, L.L.C. v. C.T.I. Molecular Imaging, Inc.*, 74 Va. Cir. 117, 2007 WL 5962517, at *1 (2007) (quoting *S & D Coffee, Inc. v. G.E.I. Autowrappers*, 995 F. Supp. 607, 609 (M.D.N.C. 1997)) (cleaned up). The clause in this case states that one consents to personal jurisdiction and venue in the district of Plaintiff's National Office, but it does not dictate that the Northern District of Texas has exclusive jurisdiction over disputes arising out of the Franchise Agreement.[15] As the clause is permissive, the Court engages in the standard 28 U.S.C. § 1404(a) transfer analysis.

\*\*\*

In assessing a motion to transfer pursuant to § 1404(a), the Court first must determine whether the judicial district where the defendant is seeking to transfer the case is a district where the claim could have originally been filed. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). In this case, the Parties do not dispute that the case could have originally been filed in the Northern District of California.

Having determined the lawsuit could have been filed in the alternate venue, the Court must then weigh a series of non-exhaustive private and public interest factors, none of which are given

---

[14] The Court notes that there were few Virginia cases discussing mandatory versus permissive forum selection clauses.

[15] See Pl. Appx. 26, ECF No. 4-2.

dispositive weight. *In re Volkswagen of Am., Inc.*, 545 F.3d at 315. The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* If the balancing of these private and public interest factors, along with any other factors the court considers relevant, demonstrates that the alternative venue is "clearly more convenient," the court should grant the transfer. *Id.*

### A.  Private Interest Factors

Defendant contends that the private interest factors weigh in favor of transfer.[16] Defendant highlights that all of the conduct underlying Plaintiff's claims occurred in the Northern District of California; the business office where Plaintiff contends the alleged misconduct took place is in the Northern District of California; and the geographic non-compete zone that Plaintiff seeks to enforce is in the Northern District of California.[17] Further, Defendant contends that many of the customers allegedly serviced by Defendant, which Plaintiff contends numbers in the hundreds, are located in the Northern District of California.[18] Defendant states that all or a vast majority of the witnesses who would be called in this case are located in the Northern District of California.[19] Further, a substantial amount of the evidence Defendant plans to use in this case is located in the

---

[16] Def. 12(b)(3) Mot. 11–12, ECF No.42.
[17] *Id.* at 11.
[18] *Id.* at 12.
[19] *Id.*

Northern District of California.[20] Finally, Defendant highlights that Ms. Le, Defendant's CEO, lives in the Northern District of California, and being forced to litigate in the Northern District of Texas would cause her to incur significant expenses.[21] Plaintiff makes no mention of the private interest factors.[22] The Court finds that the private interest factors weigh in favor of transfer.

### B.  Public Interest Factors

Defendant lastly analyzes the public interest factors, contending that, while two of the factors may be neutral, two weigh in favor of transfer.[23] Specifically, Defendant avers that the factors relating to court congestion and unnecessary conflict of laws may be neutral.[24] The Court agrees. Looking at the factor relating to the familiarity of the forum with the law that will govern the case, by the terms of the Franchise Agreement, Virginia law will govern the case.[25] However, as Defendant further highlights, there is a "California Addendum" to the Franchise Agreement.[26] To the extent that an understanding of this Addendum requires some experience with or knowledge of California law, the Court finds that this factors weighs slightly in favor of transfer. Turning to the last factor regarding the local interest in having localized interests decided at home, the Court finds that this factor weighs in favor of transfer as the dispute primarily involves residents of/conduct purportedly committed in the Northern District of California. Therefore, the Northern District of Texas has a lesser interest in deciding this case. Plaintiff makes no mention of the public interest factors.[27] The Court thus finds that the public interest factors weigh in favor of transfer.

---

[20] *Id.*
[21] *Id.*
[22] *See* Pl. Resp., ECF No. 47.
[23] Def. 12(b)(3) Mot. 12–13, ECF No. 42.
[24] *Id.* at 12.
[25] *See* Pl. Appx. 26, ECF No. 4-2.
[26] *See id.* at 32–33.
[27] *See* Pl. Resp., ECF No. 47.

The Court therefore concludes that the public and private interest factors weigh considerably in favor of transferring venue to the Northern District of California. The Court therefore finds that transferring the matter—without explicitly ruling on Defendant's 12(b)(2) and 12(b)(3) motions—is appropriate. *See JTH Tax, LLC v. Cortorreal*, No. 4:23-CV-0173-P, 2023 WL 4673278, at *2 (N.D. Tex. July 20, 2023) (Pittman, J.).

### IV.    Conclusion

Defendant's Motion to Dismiss Pursuant to Rule 12(b)(3) and Alternative Request to Transfer Venue (ECF No. 42) is hereby **GRANTED in part and mooted in part**. Defendant ABC Tax and Accounting Corp.'s 12(b)(2) Motion to Dismiss and Brief in Support (ECF No. 41) is **mooted**. The lawsuit is hereby **TRANSFERRED** to the United States District Court for the Northern District of California.

**SO ORDERED** on this **11th day** of **August, 2023**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**